

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **JERRY YARBOUGH,** | ) | **Docket No.: 2020-08-0119** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TRUEBLUE, INC.,** | ) | **State File No.: 37277-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | **Judge Shaterra R. Marion** |
| **Carrier.** | ) | |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

TrueBlue filed a motion for summary judgment, asserting that Mr. Yarbough cannot present sufficient evidence of a causal connection between his employment and his injury, which is an essential element of his claim. Mr. Yarbough did not timely respond. For the reasons below, the Court holds that TrueBlue is entitled to summary judgment as a matter of law.

### Motion for Extension

Mr. Yarbough filed a motion to extend time for summary judgment on June 4, 2025, the day before the summary judgment hearing. He alleges that he contacted the ombudsman program in May but did not receive an answer. He finally heard back from the ombudsman on June 3 and, after learning the nature of the motion, filed the motion for extension on the evening of June 4.

TrueBlue counters that the motion should be denied because Mr. Yarbough filed it on the night before the hearing. Additionally, Mr. Yarbough did not detail what, if any, attempts he made to reach the ombudsman before June 3.

In addition, at a May 12 pretrial hearing Mr. Yarbough stated that he needed additional time to gather evidence for the upcoming compensation hearing. The Court told Mr. Yarbough to file a written motion for a continuance so that TrueBlue could respond.

1

Mr. Yarbough did not follow the Court's instructions but instead filed his motion for an extension too late for TrueBlue to respond before the summary judgment hearing.

Finally, TrueBlue argues that the motion should be denied because of the repeated extensions that the Court granted Mr. Yarbough dating back to the first expedited hearing in 2021. The day before that hearing, Mr. Yarbough requested additional time, which the Court granted.

Here, TrueBlue's motion for summary judgment included Mr. Yarbough's response deadline and a copy of the rules relating to motions for summary judgment. Also, the Court told Mr. Yarbough to file a motion for a continuance if he required additional time to gather evidence or respond.

Despite this, Mr. Yarbough did not seek an extension to respond to summary judgment until the day before the hearing. His argument that he did not understand the nature of a motion for summary judgment until June 3 is insufficient to excuse the lateness of his motion for an extension. For these reasons, the Court **denies** Mr. Yarbough's motion.

## Procedural History

Mr. Yarbough alleged work-related injuries to his left hand and left side after being electrocuted on May 22, 2019. At a 2021 expedited hearing, the Court ordered TrueBlue to provide a panel, which it did. In 2023, the authorized treating physician placed Mr. Yarbough at maximum medical improvement with a 0% impairment rating.

The scheduling order required the parties to disclose the written reports of all medical experts, including C-32 forms, by March 7, 2025, and to complete the depositions of all medical experts, including treating physicians, by April 11. Mr. Yarbough filed two C-32 forms, which the Court excluded because they did not comply with the statute. He did not request more time to provide medical evidence.[1]

TrueBlue filed a motion for summary judgment, arguing Mr. Yarbough failed to offer the medical evidence necessary to prove his claim. Mr. Yarbough did not respond to the motion. Other than the motion denied above, Mr. Yarbough did not ask for more time to respond to summary judgment.

## Facts

TrueBlue filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03 (2024). Because Mr. Yarbough did not respond to the statement, the facts in the statement are unrebutted.

---

[1] TrueBlue filed a C-32 form that was also excluded, because it failed to comply with the statute.

The unrebutted facts are that the parties had until April 11, 2025, to complete medical proof depositions. Mr. Yarbough did not schedule any depositions before the deadline, and he has no admissible evidence proving that his alleged injuries primarily arose out of his employment. Dr. Sohng testified that Mr. Yarbough's work injury did not primarily cause his alleged injuries.

Based on these facts, TrueBlue contends the Court should grant summary judgment because it negated an essential element of Mr. Yarbough's claim—causation. Also, it argues he does not have sufficient expert proof to carry his burden to show that his injury arose primarily out of and in the course and scope of his employment.

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, TrueBlue must either: (1) submit affirmative evidence that negates an essential element of Mr. Yarbough's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2024); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

 If TrueBlue meets this burden, Mr. Yarbough must then establish that the record contains specific facts upon which the Court could base a decision in his favor. *Rye*, 477 S.W.3d at 265. The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-102(12), which requires expert medical proof that the injury arose primarily out of and in the course and scope of employment. As stated above, Mr. Yarbough has the burden of proving this element of his case.

A Supreme Court Panel held that the trial court did not err in granting summary judgment where the employee failed to respond to the motion and failed to offer any medical evidence of causation. *Hutchins v. Cardinal Glass Indus.*, No. E2023-00587-SC-R3-WC, 2024 Tenn. LEXIS 3, at *11 (Tenn. Workers' Comp. Panel Jan. 11, 2024).

Here, Mr. Yarbough did not respond to TrueBlue's motion or its statement of undisputed material facts. Thus, the facts are unrebutted. That includes the facts that Dr. Sohng testified that Mr. Yarbough's injuries did not arise primarily from his employment at TrueBlue, and that Mr. Yarbough did not present any medical causation opinion.

Considering the merits of TrueBlue's motion for summary judgment, it successfully

3

demonstrated that Mr. Yarbough's evidence is insufficient to prove medical causation, an essential element of his claim. Mr. Yarbough presented no evidence that his injury arose primarily out of and in the course and scope of his employment.

Mr. Yarbough argues that a doctor's letter would help him establish causation, but even if he filed the letter before the hearing, that is not enough to allow the Court to decide the motion in his favor. The Appeals Board noted that the list of documents to consider for summary judgment in Rule 56.04 does not include "medical records, standing alone." *Sadeekah v. Abdelaziz*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *13 (June 22, 2021). Therefore, even if Mr. Yarbough had properly responded to the discovery deadline or motion for summary judgment by providing medical records or a doctor's letter, they would be insufficient to defeat summary judgment.

Thus, no genuine issue of material fact exists as to the question of causation, and TrueBlue is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. TrueBlue's motion for summary judgment is granted, and Mr. Yarbough's claim against TrueBlue is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to TrueBlue under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2023), for which execution may issue as necessary.

4. TrueBlue shall prepare and submit the SD-2 with the Clerk within ten days of the date this judgment becomes final.

**ENTERED June 16, 2025.**

_____
**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**

4

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 16, 2025.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Jerry Yarbough, Employee | X | X | 520 South Main Street<br>Apt. 1001<br>Seattle, WA 98104<br>jerryyarbough@gmail.com |
| David Goudie, Employer's Attorney | | X | dgoudie@morganakins.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____


_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*